UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAIRY FARMERS OF AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>BERNON LAND TRUST, LLC<br><br>Defendant. | Civil Action No. _____<br><br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff Dairy Farmers of America, Inc. ("DFA"), by and through its undersigned counsel, brings this action against Defendant Bernon Land Trust, LLC ("BLT") and alleges as follows:

**NATURE OF ACTION**

1. Plaintiff DFA brings this civil action for breach of contract arising out of Defendant BLT's failure to meet its contractual obligation to convey to DFA real property in Franklin, Massachusetts, pursuant to a purchase option between the parties.

2. In accordance with its rights under the purchase option between the parties, DFA gave BLT due notice that it was exercising its option rights and that the closing would be on March 15, 2022. BLT failed to respond to multiple inquiries regarding the scheduled closing until the day prior, failed to respond to the draft closing documents DFA sent, and failed to convey the real property at issue to DFA.

3. DFA therefore seeks specific performance of its contractual rights in the form of conveyance of real property and the recovery of reasonable attorneys' fees and costs of court incurred in this action.

## PARTIES

4.      Plaintiff Dairy Farmers of America, Inc. is a cooperative marketing association, formed pursuant to the Kansas Cooperative Marketing Act, K.S.A. 17-1601 *et seq.* DFA is headquartered in Kansas. DFA is made up of approximately 12,500 dairy-farmer members who are spread across the country, and DFA's mission and purpose is to deliver value to those farmer members by engaging in various activities in connection with collecting, processing, and marketing the members' raw milk.

5.      Defendant BLT is a limited liability company organized under the laws of the State of Massachusetts and maintains its principal place of business at 1 Washington Street, Suite 404, Wellesley, MA 02481.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different States, and the amount in controversy (the real estate at issue) exceeds $75,000, exclusive of costs and interest.

7.      This Court has jurisdiction over Defendant because: (1) Defendant is a registered Massachusetts limited liability company; (2) Defendant maintains its principal place of business in Massachusetts; and (3) the subject matter of the contract at issue calls for performance primarily in Massachusetts and concerns real property in Massachusetts.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1392(b)(1) and (2) because Defendant BLT resides in this district and the property that is the subject of the action is situated in this District.

**FACTUAL BACKGROUND**

**I.     Commercial Lease and Option to Purchase**

9.     On December 30, 1986, Rhode Island Hospital Trust National Bank, as Trustee of the Bernon Land Trust, and as landlord, and Garelick Farms, Inc. ("Garelick"), as tenant, executed a commercial lease agreement (as amended, restated or otherwise modified, the "Lease") with respect to approximately 195 acres of land in Franklin, Massachusetts (the "Premises"). A true and complete copy of the Lease is attached hereto as **Exhibit A**.

10.     The initial term of the Lease was for five years, "commencing on the 1st day of March, 1986, and ending on the 29th day of February, 1992." Lease, Ex. A, at § 2.01. The Lease also gave the tenant the option "to renew this Lease for nineteen (19) additional successive terms of five (5) years," and "[u]nless Tenant notifies Landlord in writing not less than six (6) months prior to the end of the then current term that Tenant elects not to renew this Lease, Tenant shall be deemed to have elected to renew for an additional term of five (5) years." *Id.*, at § 2.02.

11.     On July 30, 1997, Robert Berkelhammer, as Trustee of the Bernon Land Trust, and Garelick further agreed to a grant of option to purchase the Premises (as amended, restated or otherwise modified, the "Option to Purchase" or "Option"). A true and complete copy of the Option to Purchase is attached hereto as **Exhibit B**.[1]

12.     The Option to Purchase agreement was part of a broader transaction between Garelick and Suiza Foods Corp. ("Suiza"), under which Suiza acquired Garelick for $299.6 million.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Lease and/or Option to Purchase.

13. On or about April 5, 2001, Suiza merged with Dean Foods Co. ("Dean Foods").

14. On November 12, 2019 Dean Foods filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

15. On January 15, 2021, the Bankruptcy Court ordered that both the Lease and the Option to Purchase were assumed in their entirety and assigned to DFA, effective as of January 11, 2021. Order at ¶ 2, *In re Southern Foods Grp., LLC*, No. 19-36313 (DRJ) (S.D. Tex. Jan. 15, 2021), ECF No. 3367. Defendant BLT is the successor to the Bernon Land Trust.

16. Under the Option to Purchase, "[f]or good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged," Bernon Land Trust covenanted that the Option to Purchase was exercisable by written notice, subject to certain terms, at a purchase price of ten times the "then current annual rental amount in effect under the Lease at the time the Option is exercised." Option to Purchase, Ex. B at ¶¶ 3, 4.[2]

---

[2] Specifically, the Option to Purchase states the following:

Exercise — "The Option is exercisable by written notice ('Exercise Notice') given to the Trust at least 6 months and no more than 12 months prior to the expiration of the Lease, as extended pursuant to the Lease Extension or as thereafter extended in accordance with the Lease ('Termination Date') . . . The Exercise Notice shall specify a time and date ('Closing Date') for the closing (the 'Closing') which Closing Date shall be not earlier than the Termination Date and not later than sixty (60) days after the Termination Date. The Closing shall take place on the Closing Date at a place designated by Garelick in the Exercise Notice or at such other location as the parties may agree in writing . . . Upon timely exercise of this Option, this agreement shall be deemed a contract of sale for all purposes and the Trust shall thereupon agree to sell and convey the Premises to Garelick, and Garelick shall thereupon agree to acquire and purchase the Premises from the Trust, all upon the terms and conditions herein set forth." Option to Purchase, Ex. B at ¶ 3.

17.     DFA at all times complied with the terms of the Lease and related Option to Purchase.

## II.    DFA Exercises Option to Purchase

18.     On August 25, 2021, DFA sent a Notice of Exercise of Option ("Exercise Notice") to Defendant BLT.  The Exercise Notice conformed to the notice requirements in the Option to Purchase.  *See*, Ex. B ¶ 3.  A true and complete copy of the Exercise Notice is attached hereto as **Exhibit C**.

19.     The Exercise Notice specified March 15, 2022 at 9:00 a.m. Central Time as the Closing Date, and 1405 N. 98th Street, Kansas City, KS 6111 as the location for Closing.

## III.   Defendant BLT Defaults Under the Option to Purchase

20.     Rather than acknowledge its obligations under the Option to Purchase and move forward with the sale of the Premises as required, on September 1, 2021, BLT's counsel responded to the Exercise Notice with a letter stating that the Option is void and incapable of exercise by DFA.

21.     DFA responded to BLT's letter in kind on September 27, 2021, explaining that DFA rejected BLT's frivolous arguments, and stating that DFA will be moving forward with the March 15, 2022 Closing as discussed in its August 25, 2021 Exercise Notice.

22.     BLT then ceased all communications with DFA, and ignored repeated attempts by DFA to engage in discussions regarding the Option to Purchase and the March 15, 2022 Closing, including:

>   (A)     Email communication to BLT's counsel on February 10, 2022, including a draft Purchase Agreement, surveys of the property, and the title search of the property;

    (B)    Email communication to BLT's counsel on February 16, 2022;

    (C)    Telephone call and subsequent voicemail message to BLT's counsel on February 22, 2022;

    (D)    Letter to BLT's counsel on March 8, 2022, communicating that DFA interpreted BLT's silence as agreement with the draft Purchase Agreement and DFA's intention to move forward with the closing on the terms contained therein on March 15, 2022 at 9:00 a.m. Central Time at 1405 N. 98th Street, Kansas City, KS 66111, as stated in the Exercise Notice.

23.    BLT finally responded with a brief letter on March 14, 2022 (the day prior to the scheduled closing), stating that the Option to Purchase is void for the reasons stated in BLT's prior letter and refusing to proceed with the closing.

24.    DFA was present at 1405 N. 98th Street, Kansas City, KS 6111 on March 15, 2022 at 9:00 a.m. Central Time and was prepared to close, but BLT failed to appear at the Closing on March 15, 2022 or provide any explanation for its failure to close.

25.    BLT's failure to attend the Closing and transfer ownership of the Premises to DFA constitutes a default by BLT under the Option to Purchase—the contractual remedy for which is specific performance of BLT's obligations. Ex. B at ¶ 16.[3]

---

[3] Section 16 provides:

<u>Default by the Trust</u> — "In the event that the Trust breaches a covenant or obligation under this Option to Purchase (except as a result of a default by Garelick), Garelick shall have the right with respect to the Trust's default, (a) to terminate this Option to Purchase by giving written notice thereof to the Trust, whereupon neither party shall have any further rights or obligations under this Option to Purchase except as specifically provided otherwise in this Option to Purchase, (b) to enforce specific performance of the Trust's obligations under this Option to

## COUNT I – BREACH OF CONTRACT

26. DFA incorporates the preceding paragraphs as if fully set forth herein.

27. The Option to Purchase is a valid and enforceable contract and is supported by adequate consideration to which DFA and Defendant are parties.

28. Pursuant to the terms of the Option, upon DFA's exercise of the Option to Purchase, Defendant "shall thereupon agree to sell and convey the Premises" as provided in paragraphs 3-6 of the Option.

29. DFA fully performed its material obligations under the Option to Purchase at all relevant times. DFA provided written notice of exercise on August 25, 2021 in accordance with paragraph 3 of the Option to Purchase.

30. Defendant breached its obligation to sell and convey the Premises to DFA under the Option to Purchase on March 15, 2022, when it failed to appear and execute the closing documents as set forth in the required Exercise Notice.

31. Pursuant to paragraph 16 of the Option to Purchase, DFA is entitled to specific performance of the Trust's obligations under the Option to Purchase as a result of Defendant's breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against BLT as follows:

A. An entry of judgment in favor of DFA against BLT;

---

Purchase, or (c) in the event specific performance is not available, to sue for damages." *Id.* at ¶ 16.

B. Specific performance, in the form of BLT's sale and conveyance of the approximately 195 acres of land in Franklin, Massachusetts, as described in the Lease, for the Purchase Price set forth in the Option to Purchase; on a date and time set by the Court not later than 30 days after the Court's judgment in favor of DFA;

C. An award of attorneys' fees and costs, as allowed by the Option to Purchase; and

D. Such other and further relief as this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Date:  March 21, 2022

Respectfully submitted,

DAIRY FARMERS OF AMERICA, INC.

By its attorneys,

/s/ Kenneth J. Parsigian
Kenneth J. Parsigian (BBO# 550770)
Samuel A. Townsend (BBO# 694526)
Henry Adrian van Seventer (BBO# 707826)
LATHAM & WATKINS LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
kenneth.parsigian@lw.com
samuel.townsend@lw.com
henry.vanseventer@lw.com