# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAIRY FARMERS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-10422-ADB |
| | ) | |
| BERNON LAND TRUST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT BERNON LAND TRUST, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF DAIRY FARMERS OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.      DFA Has Not Shown Good Cause Exists to Hold the Noticed Depositions
          Remotely or Near the Witnesses' Residences ....................................................... 2

    II.     BLT Is Entitled to Two Days to Conduct Mr. Wickham's Rule 30(b)(6) and
          Personal Depositions ............................................................................................ 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asphalt Trader Ltd. v. Beall*,
No. 17-cv-00015, 2018 WL 11450165 (D. Utah Apr. 11, 2018) ..............................................2

*Big Baboon Corp. v. Dell, Inc.*,
No. CV 09-01198, 2010 WL 11459800 (C.D. Cal. Aug. 23, 2010)..........................................8

*Brighton Park Assoc., LLC v. City of Bos.*,
No. 352084, 2008 WL 383442 (Mass. Land Ct. Feb. 14, 2008) ..............................................6

*In re Broiler Chicken Antitrust Litig.*,
No. 16-cv-08637, 2020 WL 3469166 (N.D. Ill. June 25, 2020)...............................................7

*Brown v. Wal-Mart Assocs. Inc.*,
No. 21-CV-10444, 2022 WL 14972144 (D. Mass. July 15, 2022)...........................................5

*Cantata Tech., Inc. v. Intermetro Comm'cns, Inc.*,
No. 08-11371, 2009 WL 10694161 (D. Mass. July 10, 2009) .................................................3

*In re Good Hope Indus., Inc.*,
14 B.R. 942 (Bankr. D. Mass. 1981) .......................................................................................2

*Grand Heritage Hotel Grp., LLC v. Mills*,
No. 04-528T, 2006 WL 8456745 (D.R.I. Mar. 29, 2006) ........................................................3

*J.J. Reidy & Co., Inc. v. Air Water Corp.*,
No. 05-400049, 2006 WL 8458675 (D. Mass. Mar. 31, 2006) ...............................................4

*Koninklijke Philips Elec. N.V. v. Zoll Med. Corp.*,
No. 10–11041, 2013 WL 1833010 (D. Mass. Apr. 30, 2013) ..................................................3

*Metcalf v. Bay Ferries Ltd.*,
No. 12–40075, 2014 WL 3670786 (D. Mass. July 21, 2014)..............................................3, 4

*Music Grp. Macao Com. Offshore Ltd. v. Foote*,
No. 14-cv-3078, 2015 WL 13423886 (N.D. Cal. Aug. 11, 2015) ....................................2, 4, 6

*Peoples v. Time Warner Cable, Inc.*,
No. 16-cv-11398, 2017 WL 2836991 (D. Mass. June 30, 2017).............................................3

*Scott v. Chipotle Mexican Grill, Inc.*,
306 F.R.D. 120 (S.D.N.Y. 2015) .............................................................................................3

*Shockey v. Huhtamaki, Inc.*,
    280 F.R.D. 598 (D. Kan. 2012)...................................................................................7

*Stammler v. JetBlue Airways Corp.*,
    No. 16-cv-11713, 2017 WL 3131985 (D. Mass. Apr. 21, 2017)................................7

*Tekle v. Al Saud*,
    No. 18-cv-211, 2019 WL 13252469 (E.D. Va. June 18, 2019) ................................5

*Viera v. United States*,
    No. 18-CV-9270, 2019 WL 6683556 (S.D.N.Y. Dec. 6, 2019) ...........................2, 3

**Other Authorities**

Restatement (Third) of Property (Servitudes) § 3.4 (Am. L. Inst. 2000) .......................6

## PRELIMINARY STATEMENT

In asking this Court to excuse in-person depositions of Executive Vice President Gregory Wickham and Chief Financial Officer Kevin Strathman in Boston, Massachusetts, Plaintiff Dairy Farmers of America, Inc. ("DFA") concedes that Boston—where DFA chose to bring suit—is the presumptive location for both depositions.  Yet DFA contends that their depositions should take place remotely simply because the witnesses have a "demanding schedule" and it would take up their "time and energy" to attend a deposition in Boston.  Pl.'s Mot. Protective Order, ECF No. 36 ("Mot.") at 3.  But DFA chose to bring suit in Boston to compel specific performance of a real estate transaction to which DFA is not entitled, and that would result in a windfall of tens of millions of dollars to DFA.  Accordingly, DFA's argument that they are not willing to spend the "time and energy" does not even come close to showing the undue burden necessary for DFA to prevent Defendant Bernon Land Trust, LLC ("BLT") from deposing the ***only*** two witnesses that BLT seeks to depose in this case (one of whom has been designated as a corporate representative by DFA), and whose testimony will be key to BLT's defenses, in Boston—where the Court and counsel for all parties are located.

Likewise, the Court should reject DFA's attempt to limit two of BLT's depositions to just seven hours at this point in time.  BLT's deposition of DFA's corporate representative under Fed. R. Civ. P. 30(b)(6) and BLT's deposition of Mr. Wickham in his personal capacity are two distinct depositions.  BLT is entitled to seven hours for each under Fed. R. Civ. P. 30(d)(1).  As BLT has told DFA on multiple occasions, BLT does not intend to take more than one day to depose Mr. Wickham, but is merely reserving the second day so as not to lose the right to use the full seven hours for each deposition.  This is standard practice in federal litigation and does not warrant the Court's intervention—let alone the issuance of a protective order.

Because DFA has failed to show "good cause" exists under Fed. R. Civ. P. 26(c)(1), the

Court should deny DFA's motion for a protective order.

## ARGUMENT

### I. DFA HAS NOT SHOWN GOOD CAUSE EXISTS TO HOLD THE NOTICED DEPOSITIONS REMOTELY OR NEAR THE WITNESSES' RESIDENCES

Federal law allows a party to "unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court" under Fed. R. Civ. P. 26(c). *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-3078, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015); *see also Viera v. United States*, No. 18-CV-9270, 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019) ("The party noticing the deposition usually has a right to choose the location." (internal quotation marks omitted)); Fed. R. Civ. P. 30(b)(1). Here, BLT noticed Mr. Wickham's and Mr. Strathman's depositions for their presumptive location under federal law—in person in Boston, Massachusetts, the venue where DFA filed suit.

As DFA concedes, depositions of corporate representatives of plaintiffs are presumptively located in person in the district in which the plaintiff filed suit. *See In re Good Hope Indus., Inc.*, 14 B.R. 942, 946 (Bankr. D. Mass. 1981). That is because, as courts have repeatedly held, a plaintiff cannot avail itself of a forum and then refuse to make itself available for depositions there. *See, e.g.*, *id.* ("As a putative plaintiff, Good Hope, absent exceptional circumstances in the nature of hardship, may be called upon to make itself available for depositions at the place it has selected for trial."); *Asphalt Trader Ltd. v. Beall*, No. 17-cv-00015, 2018 WL 11450165, at *1 (D. Utah Apr. 11, 2018) ("But here, the deposition is of *plaintiff* corporation and because plaintiff has selected the forum[, plaintiff] should not be heard to complain about having to appear there for a deposition." (internal quotation marks and citation omitted)); *Music Grp.*, 2015 WL 13423886, at *1 ("As a general rule the plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought." (internal quotation marks omitted));

*Grand Heritage Hotel Grp., LLC v. Mills*, No. 04-528T, 2006 WL 8456745, at *1 (D.R.I. Mar. 29, 2006) ("Having chosen to litigate in this District, Plaintiff should produce [two deponents] for deposition here.").

DFA may only overcome the presumption that Mr. Wickham's and Mr. Strathman's depositions should be located in person in Boston if DFA can demonstrate that "good cause" exists to hold the depositions elsewhere, "considering cost, convenience, and litigation efficiency." *Viera*, 2019 WL 6683556, at *2; *see also Metcalf v. Bay Ferries Ltd.*, No. 12–40075, 2014 WL 3670786, at *1 (D. Mass. July 21, 2014) ("The burden of establishing good cause falls upon the party moving for the protective order."). Critically, a showing of good cause "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Peoples v. Time Warner Cable, Inc.*, No. 16-cv-11398, 2017 WL 2836991, at *2 (D. Mass. June 30, 2017).

Yet conclusory statements are all that DFA has offered. DFA makes no claim whatsoever that deposing Mr. Wickham or Mr. Strathman in Boston would impose an undue burden on them beyond it being "disruptive" to them and to DFA's "business operations." Mot. at 4-5. But "highly placed executives are not immune from discovery." *Koninklijke Philips Elec. N.V. v. Zoll Med. Corp.*, No. 10–11041, 2013 WL 1833010, at *1 (D. Mass. Apr. 30, 2013). Indeed, courts have routinely rejected the proposition that disruptions to regular business alone impose an undue burden on a deponent. *See, e.g.*, *Cantata Tech., Inc. v. Intermetro Commc'ns, Inc.*, No. 08-11371, 2009 WL 10694161, at *2 (D. Mass. July 10, 2009) (holding claim that defendants' "executive officers are too busy to attend" a deposition in Massachusetts "does not justify a protective order"); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) ("[T]he mere fact that the executive has a busy schedule or claims no unique knowledge of relevant facts . . . is simply not a basis for foreclosing otherwise proper discovery." (internal quotation marks and alterations

omitted)).  The claim that deposing Mr. Wickham in Boston would be demanding on his schedule or disrupt DFA's business is especially tenuous given that Mr. Wickham lives in the neighboring state of New York.

Considerations of convenience, cost, and economy also weigh in favor of deposing Mr. Wickham and Mr. Strathman in person in Boston.  Counsel for both parties are located in Boston. *See J.J. Reidy & Co., Inc. v. Air Water Corp.*, No. 05-400049, 2006 WL 8458675, at *3 (D. Mass. Mar. 31, 2006) (holding depositions should be conducted in Massachusetts where "[a]ll counsel are from Massachusetts").  BLT seeks to depose only two DFA witnesses, "not a slew of other corporate representatives."  *Music Grp.*, 2015 WL 13423886, at *2.  DFA owns and operates numerous dairy plants in Massachusetts, including the Franklin, Massachusetts plant at issue in this litigation, and Local Rule 30.1(a) expressly deems Boston "a convenient place for taking of a deposition of any person" who "transacts business in person" in Norfolk County.  *See* L.R. 30.1(a); *see also Metcalf*, 2014 WL 3670786, at *2 (finding Massachusetts to be an appropriate location for 30(b)(6) deposition where defendant "made targeted advertising efforts in Massachusetts" (internal quotation marks omitted)).  To the extent the parties should require the Court's intervention during the depositions—a possibility given DFA's filing of this motion—the Court is located in Boston.  *See Music Grp.*, 2015 WL 13423886, at *2 (ordering deposition of corporate plaintiff in venue where it brought suit as "[d]iscovery disputes are foreseeable given that the parties have already brought several to the court's attention").  Finally, DFA noticed ***in-person*** depositions of BLT's witnesses at the offices of DFA's counsel in Boston—and BLT has agreed to make its deponents available in person.

Rather than attempt to offer any real reason why it would impose an undue burden to travel to Boston for in-person depositions, DFA argues that Mr. Wickham's and Mr. Strathman's

depositions will have little relevance because neither deponent "had any involvement with" two of the documents at issue in this litigation.  Mot. at 3.  DFA takes an overly selective view of the parties' claims and defenses in this action as well as the permitted scope of discovery.  "Unless otherwise limited by court order, the scope of discovery . . .  [extends to] any nonprivileged matter that is relevant to **_any party's claim or defense_**—including the existence, description, nature, custody, condition, and location of any documents." *Brown v. Wal-Mart Assocs. Inc.*, No. 21-CV-10444, 2022 WL 14972144, at \*2 (D. Mass. July 15, 2022) (emphasis added) (citation omitted).  Contrary to DFA's assertions, Mr. Wickham's and Mr. Strathman's testimonies are highly relevant to BLT's defenses and counterclaims.

For example, BLT asserts that the 1997 option referenced in DFA's motion is void and incapable of exercise because it was assigned on numerous occasions in a series of complex corporate transactions to an unrelated entity or affiliate of the original option-holder in violation of the option's strict anti-assignment clause.  *See* Answer & Countercls., ECF No. 11 ¶¶ 28-38, 76.  DFA was a party to several of these transactions.  BLT is entitled to ask DFA's executives—and, in particular, DFA's 30(b)(6) witness—about the nature of these transactions, especially where, as here, DFA has failed to produce all of the underlying documents despite BLT's repeated requests.[1]  BLT intends to question Mr. Wickham about each of these corporate transactions in detail and thus anticipates that Mr. Wickham's 30(b)(6) deposition will be fact-intensive and document-heavy— the exact scenario where in-person depositions are generally favored.  *See, e.g.*, *Tekle v. Al Saud*, No. 18-cv-211, 2019 WL 13252469, at \*4 (E.D. Va. June 18, 2019) (holding "video-deposition is

---

[1] DFA made a production of documents at approximately 4:30 p.m. on February 10, 2023, immediately prior to the filing of this opposition, that DFA reviewed for privilege and produced in full or redacted form.  BLT has not yet reviewed these documents but, based on the nature of the production, does not anticipate it will include the above-referenced transactional documents.

not a viable alternative to an in-person deposition" even in the COVID-19 pandemic where deponents were "key witnesses" and "the large number of documents to be examined renders video deposition impractical"); *Music Grp.*, 2015 WL 13423886, at \*3 (holding defendant would be prejudiced by videoconference deposition of plaintiff where "it is clear that [the deponent] is a critical witness" and videoconference "will be insufficient to allow [defendant] to test [the deponent's] credibility and to review a copious number of documents").

DFA's contention that Mr. Wickham and Mr. Strathman did not have "any involvement with" the 1997 option is also plainly incorrect. Mot. at 3. Mr. Wickham and Mr. Strathman were key figures in deciding whether to exercise the option. According to the documents produced to date, both participated in the phone call during which DFA decided to exercise the option. They also authored multiple presentations on whether DFA should exercise the option, which analyzed the value of the land and the effect of exercise on DFA's finances. DFA's purpose in exercising the option and the value of the land—which, according to DFA's own appraisals, is worth tens of millions of dollars more than the option exercise price—are both factors that impact whether the option imposes an unreasonable restraint on alienation such that it is void. *See Brighton Park Assoc., LLC v. City of Bos.*, No. 352084, 2008 WL 383442, at \*3 (Mass. Land Ct. Feb. 14, 2008) (finding option to be unreasonable restraint on alienation where the purported holder "has made no showing that the enforcement of its rights under that option would accomplish any worthwhile purpose"); Restatement (Third) of Property (Servitudes) § 3.4, cmt. e (Am. L. Inst. 2000) (stating if the price of an option is "fixed, the effect of the option is to discourage improvement of the land, and the option is unreasonable unless its duration is specified"). Mr. Wickham's and Mr. Strathman's testimonies are directly relevant to this defense, and DFA has not offered any compelling reason why BLT cannot confront these important witnesses in person in Boston.

The cases cited by DFA do not counsel otherwise.  Most were decided in the height of the COVID-19 pandemic before vaccines were widely available, where the noticing party was asking the court to expose the deponent to a potentially fatal disease or halt discovery.[2]  *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637, 2020 WL 3469166, at *3 (N.D. Ill. June 25, 2020) ("[A]ccommodation is the answer here rather than a complete cessation of discovery activity until the COVID-19 pandemic abates.").  While BLT recognizes that COVID-19 is still a public health concern, the risks associated with travelling to and attending an in-person deposition have dissipated significantly since those cases were decided.[3]  And, even more importantly, DFA has not identified ***any*** COVID-19 related reason why Mr. Wickham and Mr. Strathman cannot travel to a deposition in Boston.

Because DFA has not met its burden of showing good cause exists to compel BLT to take Mr. Wickham's and Mr. Strathman's depositions remotely or live near their residences, as required under Fed. R. Civ. P. 26(c)(1), the Court should deny DFA's motion for a protective order.

## II.   BLT IS ENTITLED TO TWO DAYS TO CONDUCT MR. WICKHAM'S RULE 30(B)(6) AND PERSONAL DEPOSITIONS

Likewise, DFA's insinuation that BLT is harassing Mr. Wickham by requesting two days

---

[2] The other cases cited by DFA are factually inapposite.  In *Stammler v. JetBlue Airways Corp.*, No. 16-cv-11713, 2017 WL 3131985 (D. Mass. Apr. 21, 2017), the deponent was a single mother from Michigan who would have been required to obtain overnight childcare for her four children under 18 in order to travel to a deposition in Massachusetts.  *Id.* at *1.  In *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598 (D. Kan. 2012), the deponents—opt-in class plaintiffs with low financial stakes in the litigation—"provided a particularized showing of each opt-in's financial burden of traveling to Kansas City for deposition in comparison to his or her estimated overtime compensation claim."  *Id.* at 602. DFA has not presented similar factual evidence of undue burden as to Mr. Wickham and Mr. Strathman.

[3] For instance, the Court has been open for in-person proceedings since September 28, 2020 and has not required the use of masks since March 4, 2022.  *See* General Order 20-35, *In re: Coronavirus Public Emergency* (D. Mass. Sept. 28, 2020); General Order 22-1, *In re: Coronavirus Public Emergency* (D. Mass. Mar. 4, 2022).

for his depositions—one for his deposition as a corporate representative under Fed. R. Civ. P. 30(b)(6) and one for his personal deposition—has no merit.  BLT seeks nothing more than what it is entitled to under the Federal Rules of Civil Procedure given the anticipated complexity of the 30(b)(6) deposition and that Mr. Wickham is a key witness for BLT.  *See* Fed. R. Civ. P. 30(d)(1) (stating parties may depose each deponent for up to seven hours); *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198, 2010 WL 11459800, at *2 (C.D. Cal. Aug. 23, 2010) (finding reasonable two days to conduct 30(b)(6) and individual depositions of same witness because "different questions will be asked during the 30(b)(6) deposition" and "the specific questions asked and the answers given" might not overlap).  Moreover, BLT has repeatedly told DFA that it does not intend to use the full amount of time for both depositions unless necessary; it is merely reserving the second day so as not to handicap BLT if one deposition lasts longer than expected.  The Court should not credit DFA's conclusory statement that a two-day deposition would be "disruptive" to Mr. Wickham, Mot. at 4-5, and deny DFA's motion to limit his testimony to one day.

## CONCLUSION

For the reasons stated herein, this Court should deny DFA's Motion for Protective Order, ECF No. 36; require that DFA submit Mr. Wickham and Mr. Strathman for in-person depositions in Boston; and permit BLT to reserve two days to depose Mr. Wickham as both a corporate designee under Fed. R. Civ. P. 30(b)(6) and an individual fact witness.

Dated:  February 10, 2023                    Respectfully submitted,

                                             By:  *s/ Daniel V. Ward*
                                             Daniel V. Ward (BBO# 667158)
                                             Sara A. Bellin (BBO #698900)
                                             John W. Howard (BBO# 705468)
                                             ROPES & GRAY LLP
                                             Prudential Tower
                                             800 Boylston Street
                                             Boston, MA 02199
                                             Tel: (617) 951-7000
                                             daniel.ward@ropesgray.com
                                             sara.bellin@ropesgray.com
                                             john.howard@ropesgray.com

                                             *Attorneys for Defendant Bernon Land Trust,*
                                             *LLC*

**CERTIFICATE OF SERVICE**

On February 10, 2023, I, Sara A. Bellin, caused this document to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and/or counsel of record.

*/s/ Sara A. Bellin*
Sara A. Bellin