**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAIRY FARMERS OF AMERICA, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>BERNON LAND TRUST, LLC, )<br><br>Defendant. ) | No. 1:22-cv-10422-JEK |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD AND FOR LEAVE TO FILE UNDER SEAL AND PLAINTIFF'S MOTION TO SEAL

**KOBICK, J.**

Defendant Bernon Land Trust, LLC ("BLT") moves to supplement the trial record with a declaration by Alan Bernon, a member of BLT and a trial witness. BLT also moves to file under seal Bernon's declaration and an unredacted version of its Amended Proposed Findings of Fact and Conclusions of Law. According to BLT, the declaration "describes sensitive, recent, post-trial events concerning Alan Bernon's employment with Plaintiff and Counterclaim Defendant Dairy Farmers of America, Inc." ECF 149, ¶ 2. Plaintiff Dairy Farmers of America, Inc. opposes both motions. In the alternative, Dairy Farmers requests to supplement the record with a sealed declaration by Dennis Rodenbaugh, its Chief Executive Officer, in order to respond to Bernon's declaration. For the reasons explained below, BLT's motion to supplement the trial record will be denied and the pending motions to seal will, accordingly, be denied as moot. The Court will not consider either declaration or the redacted portions of BLT's Amended Proposed Findings of Fact

1

and Conclusions of Law in preparing its findings and conclusions under Federal Rule of Civil Procedure 52(a)(1).

## DISCUSSION

Whether to reopen the trial record after the close of evidence "turns on flexible and case-specific criteria." *Davignon v. Hodgson*, 524 F.3d 91, 114 (1st Cir. 2008). Courts may consider, among other things, "'whether (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening will cause no undue prejudice to the non-moving party.'" *Anderson v. Brennan*, 911 F.3d 1, 13 (1st Cir. 2018) (quoting *Davignon*, 524 F.3d at 114). "Trial courts as a rule act within their discretion in refusing to reopen a case where the proffered 'new' evidence is insufficiently probative to offset the procedural disruption caused by reopening." *Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 746 (1st Cir. 1995).

BLT has not established that the balance of the factors warrants reopening of the trial record. Although BLT has a valid reason for failing to introduce the information contained in the Bernon declaration at trial—the declaration concerns post-trial events—BLT fails to develop a meaningful argument as to first and third factors. And both factors weigh definitively in Dairy Farmers' favor. With respect to the first factor—the importance of the evidence sought to be introduced—BLT offers only a single sentence of argument: it contends that "the information contained in the Alan Bernon Declaration is important and probative of Mr. Bernon's credibility, in light of his testimony at trial and his employment relationship with DFA." ECF 149, ¶ 5. Even assuming the proffered evidence is "important and probative of Mr. Bernon's credibility," the mere assertion that post-trial developments bear on the credibility of a trial witness's testimony is not an adequate reason to reopen the trial record. In virtually any case, a party could point to post-trial

developments that impact the credibility of witnesses. Concluding that such developments constitute cause to reopen the trial record would undermine interests in the finality and efficiency of the judicial process. BLT has not argued that the information contained within the Bernon declaration has any bearing on the substantive issues in the case. There is, accordingly, no basis on which to conclude that the new evidence would be probative of the parties' claims or defenses or otherwise material to the issues in the case.

With respect to the third factor, BLT argues that Dairy Farmers will not be prejudiced because it knows of the events described in the Bernon declaration and would have an opportunity to further supplement the trial record with its own responsive declaration. That is, BLT proposes that this Court should allow the parties to introduce dueling declarations after trial rather than subjecting Bernon to cross examination. The Court rejects that proposal. *See Lussier v. Runyon*, 50 F.3d 1103, 1113 n.13 (1st Cir. 1995) ("protections [at trial] include, but are not limited to, the right to object to evidence, the right to question its source, relevance, and reliability, the right to cross-examine its proponent, and the right to impeach or contradict it"). Nor is the Court inclined, given the limited relevance of the proffered evidence, to allow the parties to reopen the trial record with testimony and cross-examination. Such additional proceedings would amount to unnecessary "procedural disruption" and prolong resolution of the case. *Rivera-Flores*, 64 F.3d at 746.

Because the Bernon declaration is not probative of the substantive issues in this case and because BLT's proposed manner of supplementing the record would be unduly prejudicial to Dairy Farmers, the motion to supplement the record will be denied. The denial of the motion to supplement the record renders both parties' motions to seal moot, as the Court will not consider the Bernon and Rodenbaugh declarations, or the information in related filings that reference the content of those declarations, in making findings of fact and conclusions of law under Fed. R. Civ.

P. 52(a)(1). Thus, any materials provisionally filed under seal will be stricken from the docket, and the Court will not consider any redacted portions of BLT's Amended Proposed Findings of Fact and Conclusions of Law.

### CONCLUSION AND ORDER

For the foregoing reasons, BLT's motion to supplement the trial record, ECF 149, is DENIED. BLT's motion to seal, ECF 149, and Dairy Farmers' assented-to motion to seal, ECF 151, are DENIED as moot. The Clerk shall strike from the docket any materials filed provisionally under seal.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: July 22, 2024                    UNITED STATES DISTRICT JUDGE